## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RICHARD LAMARRA

                                         Case No.: 8:25-CV-2674

         Plaintiff,

v.

CAPITAL ONE NATIONAL ASSOCIATION and
TRANSUNION, LLC

         Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Richard Lamarra (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, Capital One National Association (hereinafter, "Capital One"), and Transunion, LLC (hereinafter "TransUnion") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein despite Plaintiff's repeated meritorious disputes of the account's credit reporting, Capital One and TransUnion engaged in unlawful

1

negative credit reporting despite Plaintiff's repeated meritorious disputes of the account's credit reporting, by continuing to report an account balance as past due on Plaintiff's consumer credit reports and failed to notate the accounts as disputed, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2.     Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq*.

3.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District and the events described herein occur in this District.

4.     Venue is proper in this District as the acts and transactions described herein occur in this District.

5.     At all material times herein, Plaintiff is a natural person residing in Hernando County, Florida.

6.     At all material times herein, Capital One National Association is a foreign corporation conducting business in Florida.

7.     Capital One Auto Finance, LLC is a subsidiary of Capital One National Bank.

8.     At all material times herein, TransUnion is a foreign limited liability company existing under the laws of the state of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## GENERAL ALLEGATIONS

9.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1681a(c).

10.     At all material times herein, Capital One is  a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

11.     At all material times herein, Capital One furnished information concerning the Account to TransUnion in a knowing attempt to extract and collect payment from Plaintiff on the Account.[1]

12.     Capital One furnishes, reports, publishes, and verifies via

---

[1] *See Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015) (noting that while furnishing information to a consumer credit bureau *alone* cannot constitute an attempt to collect a debt in violation of the FCCPA as such violation is preempted by the FCRA, a creditor

investigation specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the alleged debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

13.    At all material times herein, TransUnion is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  TransUnion disburses such consumer reports to third parties under contract for monetary compensation.  Where appropriate herein, TransUnion will sometimes be referred to as the "credit bureaus" or the "CRAs."

14.    At all material times herein, Defendants reported a past due balance due from Plaintiff on a vehicle loan, referenced by account number ending -8629 (herein, the "Account").

15.    At all material times herein, Defendants act themselves or

---

that "knowingly [attempts] to enforce payment on accounts" by reporting the debt to a consumer reporting agency *can* engage in unlawful debt collection in violation of the FCCPA—not preempted by the FCRA—even without any additional collection attempts) (emphasis added); *see also Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14-80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

16.   All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## **FACTUAL ALLEGATIONS**

17.   In January 2024, Plaintiff opened a vehicle loan with Capital One Auto Finance (i.e., the Account).

18.   On or about November 2024, Plaintiff began to experience financial difficulties and obtained approval for a payment plan with Capital One (the "Payment Plan").

19.   The terms of the Payment Plan required Plaintiff to submit three payments as follows:

      a.  $863.44 on January 2, 2025

      b.  $863.44 on January 16, 2025

      c.  $863.44 on January 30, 2025

20.   Plaintiff complied with the terms of the Payment Plan and made the first two payments; however, when Plaintiff commenced his attempts to

5

make the third payment, albeit early, Plaintiff discovered that Capital One's payment processing portal was experiencing technical difficulties.

21.    Capital One confirmed the vendor system outage by an email to Plaintiff informing him of the same and indicating that Capital One would refund any late fees as a result of the outage, further acknowledging that Capital One was aware it was unable to accept payments.

22.    As soon as Plaintiff was able, he made the payment to Capital One; however, the processing of the payment was already delayed through no fault of Plaintiff.

23.    Thereafter, Plaintiff received a notification that there was a late payment reported on his credit report. Upon review, Plaintiff discovered that the account was being reported as 30 days late in December 2024.

24.    Plaintiff immediately contacted Capital One to dispute the reporting.

25.    On January 24, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (hereinafter "CFPB Complaint"). Plaintiff's CFPB Complaint complained of Capital One's credit reporting of the Account and Capital One's failure to correct the error. A true and correct copy of the CFPB Complaint, labeled as **Exhibit "A".**

6

26.    In February 2025, Plaintiff disputed Capital One's credit reporting to TransUnion via the online dispute portal ("First Dispute").

27.    TransUnion communicated Plaintiff's First Dispute to Capital One.

28.    On February 11, 2025, TransUnion sent Plaintiff a letter in response to the First Dispute (hereinafter, "TransUnion's First Response") providing "VERIFIED AS ACCURATE AND UPDATED" regarding the Account; Capital One, however, still reported the Account to TransUnion on Plaintiff's credit report as 30 days late in December 2024. TransUnion indicated the dispute investigation was complete.

| File Number: | 435297525 | Page 5 of 6 |
| Date Issued: | 02/11/2025 | |

### Your Investigation Results

> **INVESTIGATION RESULTS - VERIFIED AS ACCURATE AND UPDATED:** The disputed item(s) was verified as accurate; however, other information has also changed.

CAPITAL ONE AUTO FINANCE #6201036968629**** ( CB DISPUTES TEAM, P O BOX 259407, PLANO, TX 75025, (800) 946-0332 )
We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: **Balance; Date Updated; Last Payment Made; Past Due; Pay Status; Remarks; Maximum Delinquency; Rating; Payment Received; Historical Trended Data**. Here is how this account appears on your credit report following our investigation.

| | | | | | | |
|---|---|---|---|---|---|---|
| Date Opened: | 01/22/2024 | Balance: | $38,468 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 02/10/2025 | Terms: | $863 per month, paid Monthly for 74 months |
| Account Type: | Installment Account | Payment Received: | 02/05/2025 ($863) | | |
| Loan Type: | AUTOMOBILE | Last Payment Made: | 02/05/2025 | | >Maximum Delinquency of 30 days in 12/2024< |
| | | High Balance: | $40,839 | | |

Remarks: DISP INVG COMP-RPT BY GRNTR

| | 01/2025 | 12/2024 | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 | 05/2024 | 04/2024 | 03/2024 | 02/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

7

29.    TransUnion's Response contained no indication of Plaintiff's disputes regarding the Account.

30.    Capital One communicated the negative history as past due to the CRAs in an deliberate and willful attempt to cause financial harm to Plaintiff, and all in an attempt to collect the Account from Plaintiff.

31.    Furthermore, Capital One communicated the results of its investigation to Plaintiff via TransUnion conveying to Plaintiff that the balance was past due regarding the Account.

32.    In March 2025, Plaintiff obtained a copy of his TransUnion credit report (the "March TransUnion Report").  In the March TransUnion Report, Capital One reported the Account as 30 days past due  in December 2024 and indicated "Account previously in dispute-now resolved."

33.    On March 25, 2025, Plaintiff received a Response to the CFPB Complaint (hereinafter, "CFPB Response"). See **Exh. A**.

34.    On April 7, 2025, Plaintiff, with the assistance of the undersigned counsel, disputed Capital One's credit reporting by separate letters to Experian and TransUnion (hereinafter, the "Second Dispute Letter").  A true and correct copy of Plaintiff's Second Dispute Letter, labeled as **Exhibit "B".**

8

35.    In the Second Dispute Letter, Plaintiff disputed Capital One's inaccurate reporting of the Account, explaining that:

      a.    Plaintiff made timely payments under the Payment Plan;

      b.    Capital One's system experienced an outage during the time period for the last payment resulting in the last payment being submitted late to no fault of Plaintiff;

      c.    That the credit reporting should not reflect any derogatory information on the Account; and

      d.    To the extent Defendants continue to report the inaccurate information, that Plaintiff's reports include a 100 word statement.

36.    On April 8, 2025, TransUnion received Plaintiff's Second Dispute Letter.

37.    Experian and TransUnion communicated Plaintiff's Second Dispute Letter to Capital One.

38.    On April 21, 2025, Capital One communicated directly with Plaintiff informing him that it received his dispute from Experian and sent the results of the investigation to Experian directly so that Experian can contact Plaintiff with the outcome.

39.    TransUnion did not respond to Plaintiff's Second Dispute Letter.

9

40.    On June 18, 2025, with undersigned counsel's assistance, Plaintiff sent a letter to TransUnion disputing the information reported on Plaintiff's credit reports (hereinafter, "Third Dispute Letter").  Please see attached a true and correct copy of Plaintiff's Third Dispute Letter, labeled as **Exhibit "C"**.

41.    Plaintiff's Third Dispute Letter provided new information that was not previously contained in the First Dispute and Second Dispute Letter, including but not limited to, Capital One's failure to update the credit reporting of the Account to paid as agreed for the month of December 2024, or report the account as disputed and include Plaintiff's consumer statement explaining the same.

42.    On June 27, 2025, TransUnion received Plaintiff's Second Dispute Letter.

43.    TransUnion communicated Plaintiff's Second Dispute Letter to Capital One.

44.    On July 5, 2025, TransUnion sent a letter responding to Plaintiff's Third Dispute Letter ("TransUnion's Second Dispute Response"), advising that the Account was "VERIFIED AS ACCURATE AND

UPDATED." Moreover, TransUnion's Second Dispute Response  revealed that:

    a.  Capital One still reported the Account as 30 days past due in December 2024;

    b.  The Account was finally notated as disputed;

    c.  The Account included Plaintiff's 100 word statement.

Please see attached a true and correct copy of the relevant pages of TransUnion's Second Dispute Response, labeled as **Exhibit "D."**

45.    On or about July 8, 2025, Plaintiff reviewed a copy of his TransUnion credit report (the "July TransUnion Report") only to discover that the account was not being reported as disputed and Plaintiff's 100 word statement was not included. This was just three days after TransUnion indicated it changed the reporting.

46.    In the July TransUnion Report, only three days after confirming accurate reporting despite three separate disputes; Capital One reported the Account as 30 days past due  in December 2024, did not indicate the Account was in dispute, and did not include Plaintiff's 100 word statement.

47.    Plaintiff retained Rebbecca Goodall Law, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

48.    Furthermore, Capital One communicated the results of its investigation to Plaintiff via TransUnion and Experian, conveying to Plaintiff that a balance was both due and past due regarding the Account.

49.    Plaintiff would not have had too many inquiries on her credit had Capital One reported that Plaintiff's mortgage was reaffirmed and was being paid timely, thus, Plaintiff would have been approved for credit the first time she applied.

50.    As a direct result of the debt collection, communicating, and inaccurate reporting of the Account on Plaintiff's credit reports, Plaintiff has been unable to obtain financing.

51.    Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite his dispute efforts, Plaintiff must endure the erroneous and incorrect reporting of the Account.

52.    Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous

and incorrect reporting of the Account, and that Plaintiff would instead pay higher interest rates in the event he could obtain financing.

53.    In fact, Plaintiff suffered additional actual damages in the form of damage to his credit reputation, higher credit costs, other additional costs and fees, and less access to credit as reflected by multiple credit denials received by Plaintiff. True and correct copies of the corresponding credit denials are attached hereto as **Exhibit E**.

54.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Capital One, Equifax, Experian, and/or TransUnion.

55.    At all material times herein, it would have been possible for Defendants to avoid violating the terms of the FCRA.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>**
**<u>(as to Capital One)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

56.    Capital One is subject to, and violated the provisions of, 15

United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate Account information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Account on Plaintiff's credit reports after investigating Plaintiff's disputes.

57.    As described above, despite receiving notice of Plaintiff's disputes from Plaintiff as well as from TransUnion and Experian, Capital One willfully or negligently reported—or both—reported erroneous credit information regarding the Account to the TransUnion and Experian.

58.    Specifically, after receiving notice of Plaintiff's repeated disputes from TransUnion and Experian, Capital One inaccurately reported the Account as 30 days past due in December 2024, failed to report the Account was subject to a Payment Plan and that its vendor system outage inadvertently may have caused the allegedly late payment to no fault of Plaintiff,which ultimately reflected negatively on Plaintiff's credit reports and credit file.

59.    Additionally, Capital One violated the FCRA, Section 1681s-2(b)'s, "completeness" requirement by failing to notate in its reporting to

TransUnion and Experian that Plaintiff disputed the Account.

60.    Further, Capital One reported the immediately-aforementioned negative Account information with actual knowledge that the Account was subject to a Payment Plan, that Capital One's vendor system outage delayed the required payment, and that to the extent any payment was late was not the fault of Plaintiff.

61.    Capital One's investigations were not conducted in good faith.

62.    Capital One's investigations were not conducted reasonably.

63.    Capital One's investigations were not conducted using all information reasonably available to Capital One.

64.    As a result of Capital One's conduct, actions, or inactions, Plaintiff was damaged, suffering injury to his credit and reputation, credit score, and a loss of access to credit in the form of multiple credit denials and unnecessary inquiries, all as a result of the inacurrate, incomplete, and misleading reporting of the Account

65.    Capital One's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

66.    Capital One's actions in violation of 15 United States Code,

Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to TransUnion)**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

67.    TransUnion is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

68.    TransUnion willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding Plaintiff's Account.

69.    Specifically, despite the First Dispute in which Plaintiff directly informed TransUnion that his payment was not late, and any allegedly late payment was no fault of his own, TransUnion continued to report the Account

16

as 30 days past due in December 2024, did not reference Plaintiff's dispute or that Plaintiff disagreed with the resolution of the dispute, causing the Account to be included when calculating Plaintiff's credit score, which caused his credit score to fall, and correspondingly inhibited Plaintiff from obtaining desired financing.

70.    Further, TransUnion willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

71.    Specifically, despite the Second Dispute Letter in which Plaintiff provided TransUnion with additional proof that the Account was being paid under a Payment Plan and that Capital One's vendor system experienced an outage at the time the last payment was due, TransUnion continued to report the Account as 30 days late in December 2024, failed to notate that Plaintiff disagreed with the outcome of the dispute, causing the Account to be included when calculating Plaintiff's credit score, which caused his credit score to fall and correspondingly inhibited Plaintiff from obtaining  desired financing.

72.     Specifically, despite the Third Dispute Letter in which Plaintiff provided TransUnion with additional proof that the Account was being paid under a Payment Plan and that Capital One's vendor system experienced an outage at the time the last payment was due, TransUnion continued to report the Account as 30 days late in December 2024 and failed to notate that Plaintiff disagreed with the outcome of the dispute notwithstanding TransUnion's representations that it updated the reporting, causing the Account to be included when calculating Plaintiff's credit score, which caused his credit score to fall , and correspondingly inhibited Plaintiff from obtaining desired financing.

73.     Such reporting of the Account is false, short-sighted and evidences TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

74.     As a result of TransUnion's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions and was denied access to his credit.

75.    TransUnion's  conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

76.    TransUnion's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both— with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**
**(as to TransUnion)**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

77.    TransUnion is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the information in Plaintiff's credit reports and credit file.

19

78.     Specifically, TransUnion willfully or negligently refused, or both, to properly reinvestigate Plaintiff's consumer report upon receiving Plaintiff's disputes, as described herein.

79.     For example, despite receiving three separate disputes from Plaintiff, TransUnion's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

80.     As noted above, TransUnion did independently verify the reporting of the Account with Capital One.

81.     Despite the First Dispute, TransUnion continuously reported the Account as a past due obligation on Plaintiff's credit reports without referencing the fact that Plaintiff disagreed with the outcome of his dispute.

82.     TransUnion's reinvestigations of the First Dispute were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

83.     Despite receiving Plaintiff's Second Dispute Letter, TransUnion's, reinvestigations were also not reasonably conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

84.    For example, after the Second Dispute Letter TransUnion continuously reported the Account as 30 days past due as of December 2024 given Capital One's own admission of a vendor outage, which prevented Plaintiff's payment, without referencing the fact that Plaintiff disagreed with the outcome of his dispute, and failed to include Plaintiff's 100 word statement included on the Second Dispute Letter.

85.    Further, despite receiving Plaintiff's Third Dispute Letter, TransUnion's reinvestigations were also not reasonably conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

86.    Despite TransUnion's representations in TransUnion's Second Dispute Response, after the Third Dispute Letter TransUnion continuously reported the Debt associated with the Account as 30 days past due as of December 2024 given Capital One's own admission of a vendor outage, which prevented Plaintiff's payment, without referencing the fact that Plaintiff disagreed with the outcome of his dispute, and again failed to include Plaintiff's 100 word statement from the Third Dispute Letter.

87.    Such credit reporting is false and evidences TransUnion's, failure to conduct a reasonable reinvestigation of Plaintiff's disputes regarding the Account.

88.    TransUnion's reinvestigations of Plaintiff's disputes were not conducted reasonably.

89.    TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

90.    TransUnion's reinvestigation procedures are unreasonable.

91.    TransUnion's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to the CRAs.

92.    TransUnion's reinvestigations were *per se* deficient by reason of these failures in the CRAs' reinvestigations of Plaintiff and the Account.

93.    TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)</u>
### (as to TransUnion)

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

94.    TransUnion is subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

95.    Specifically, despite receiving Plaintiff's Second Dispute Letter, which enclosed the payment plan details, transaction history for the loan, a copy of the Capital One email informing customers of the vendor system outage, TransUnion failed to review and consider all information received in Plaintiff's disputes, including all relevant attachments and information.

96.    TransUnion's failure to respond to the Second Dispute Letter further reflects TransUnion's failure to review and consider all relevant information received.

97.    Further, despite receiving Plaintiff's Third Dispute Letter, which enclosed the payment plan details, transaction history for the loan, and a copy of the Capital One email informing customers of the vendor system outage, TransUnion willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant

23

attachments.

98.    TransUnion's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

99.    TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)</u>**
**<u>(as to TransUnion)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

100.    TransUnion is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

101.    Specifically, despite receiving Plaintiff's First Dispute via the online portal, in which Plaintiff directly informed TransUnion that the

Account was not 30 days past due on account of a vendor outage which delayed payment to no fault of Plaintiff's own, TransUnion failed to update or delete information on Plaintiff's credit reports with respect to the Account that was either inaccurate or could not be verified.

102.   Additionally, despite receiving Plaintiff's Second Dispute Letter, which included additional information such as additional proof that the Account was being paid under a Payment Plan and that Capital One's vendor system experienced an outage at the time the last payment was due, TransUnion willfully or negligently, or both, failed to update or delete the information on Plaintiff's credit reports with respect to the Account, namely that it was either inaccurate or could not be verified.

103.   Moreover, notwithstanding TransUnion's complete lack of response to the Second Dispute Letter and despite receiving Plaintiff's Third Dispute Letter, which included additional information such as additional proof that the Account was being paid under a Payment Plan and that Capital One's vendor system experienced an outage at the time the last payment was due, TransUnion willfully or negligently, or both, failed to update or delete the information on Plaintiff's credit reports with respect to the Account, namely that it was either inaccurate or could not be verified.

104.   As a direct result of TransUnion's conduct, actions, and/or inactions, Plaintiff sustained damages to his credit and loss of access to credit.

105.   TransUnion's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

106.   TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)</u>**
**<u>(as to TransUnion)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

107.   TransUnion is subject to, and violated the provisions of 15 U.S.C., Section 1681i(a)(6)(A) by failing to provide written notice to Plaintiff with the results of TransUnion's reinvestigation response to Plaintiff's disputes of the Account within five days of the completion of such reinvestigation.

108.   TransUnion received the Second Dispute Letter via certified mail on April 8, 2025 as reflected by USPS Certified Mail Tracking.

109.   Specifically, to the extent TransUnion conducted a reinvestigation in response to Plaintiff's Second Dispute Letter, TransUnion has not provided any written notice of TransUnion's reinvestigation results regarding Plaintiff's disputes.

110.   TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

111.   TransUnion's violations of 15 U.S.C. Section 1681i(a)(6) constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C., Sections 1681n, or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

27

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages under the FCRA in an amount to be determined at trial;

e.    An award of attorneys' fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
Rebbecca@rgoodalllaw.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff

28